IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY BEMENT                                                                                    PLAINTIFF

v.                                            CIVIL NO. 25-3033

FRANK BISIGNANO, Commissioner
Social Security Administration                                                                  DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Tammy Bement, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on July 7, 2017, alleging an inability to work since June 7, 2016, due to degenerative disc disease, a spinal fusion, fibromyalgia, A hypoactive thyroid, high blood pressure, anxiety and depression. (Tr. 71, 241). For DIB purposes, Plaintiff maintained insured status through December 31, 2019. (Tr. 12, 255, 3246). An administrative video hearing was held on November 4, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 37-69, 3137-3169).

In a written decision dated December 22, 2021, the ALJ determined that through the date last insured Plaintiff retained the residual functional capacity (RFC) to perform light work with

limitations. (Tr. 12-27, 3093). The Appeals Council declined review of the ALJ's decision on December 13, 2022. (Tr. 1-6, 3120-3125). Plaintiff appealed the ALJ's decision to this Court.

In a decision dated December 18, 2023, this Court remanded the case back to the Commissioner. (Tr. 3126-3131). On January 19, 2024, the Appeals Council vacated the ALJ's, decision; and remanded Plaintiff's case back to the ALJ to issue a new decision. (Tr. 3132-3136). A supplemental video hearing was held on July 9, 2024. (Tr. 3057-3092).

By written decision dated August 15, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 3029). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: a history of lumbar surgery with disc protrusion mildly impinging on the thecal sac, mild facet hypertrophy, and moderate stenosis; a second lumbar spinal surgery in May of 2017; and failed back syndrome with hardware removal in December of 2018. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 3031). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ladders, ropes, scaffolds, ramps, stairs, kneel, crouch, and crawl.

(Tr. 3031). With the help of a vocational expert, the ALJ determined that though the date last insured Plaintiff could perform work as a fountain server, a movie theater attendant, and a toll collector. (Tr. 3044).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on April 10, 2025. (Tr. 3016-3022). Subsequently, Plaintiff filed this action.

(ECF No. 2).  Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issue on appeal: 1) The ALJ did not comply with the rulings and regulations in assessing the medical opinions. (ECF No. 9). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 15).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2019. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether

3

Plaintiff was disabled during the relevant time period of June 7, 2016, her alleged onset date of disability, through December 31, 2019, the last date she was in insured status under Title II of the Act. To qualify for DIB, Plaintiff must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. With respect to Plaintiff's RFC, the ALJ considered the medical assessments of a treating medical providers and non-examining agency medical consultants, Plaintiff's subjective complaints, witness statements, and her medical records when she determined Plaintiff could perform light work with limitations through her date last insured. With each medical opinion, the ALJ stated how persuasive she found each opinion and articulated the basis for her finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC prior to the expiration of her insured status. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL

4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 20th day of January 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE